**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0846-19

PACE REALTY, LLC,

     Plaintiff-Respondent,

v.

DANOUCHKA DESIR,

     Defendant-Appellant.

_____

Argued September 21, 2021 – Decided December 28, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-026659-19.

Danouchka Desir, appellant, argued the cause pro se.

Judith Wildman argued the cause for respondent.

PER CURIAM

     Defendant Danouchka Desir appeals from the October 3, 2019 judgment of possession of the Special Civil Part entered after trial of this residential lease dispute. We affirm.

I.

Plaintiff Pace Realty, LLC (Pace) owns an apartment building in Essex County. In March 2018, Desir leased one of the units in the building. In 2019, Pace sued Desir in the Special Civil Part for non-payment of rent and for the recovery of late fees, attorney's fees, and costs. Pace sought a judgment of possession.

The matter was tried before Judge Stephen L. Petrillo in October 2019. Pace alleged that Desir had outstanding rent of $1,460 per month for September and October 2019, and owed additional rent of $75 per month as late fees for four months. Desir testified that she was current on rent because when she signed the lease the building manager required her to pay two months of rent in advance as "back up rent," which should have been applied by Pace to September and October 2019. Pace disputed that Desir was required to pay "back up rent" but admitted she occasionally paid her monthly rent in advance on her own initiative. On those occasions, Pace reserved the advance payments and applied them in later months when Desir failed to pay rent. According to Pace, by the time of trial all advanced payments of rent had been applied to unpaid rent.

The court reviewed a ledger maintained by Pace containing entries made contemporaneously with each rent payment by Desir, as well as photocopies of

the money orders, and in one instance cash, she submitted as rent payments. The ledger noted advanced rent payments held in reserve by Pace and when it applied those payments to outstanding rent. Desir offered no documentary evidence at trial, claiming her rent payment records were stolen during a burglary.

Judge Petrillo undertook an exhaustive review of the ledger and supporting documents. In an oral opinion, the judge found that at the end of the first year of the lease, Desir had an outstanding credit of $730 towards rent. With respect to the second year of the lease, beginning in March 2019, the judge found that as of the date of trial, Desir was $2,920 in arrears on her rent, having exhausted her credit and not paid rent for September and October 2019. In addition, the court found that pursuant to the terms of the lease, Desir owed $300 in additional rent as late fees, $675 in attorney's fees, and $59 in costs.

As a result of these findings, on October 3, 2019, the trial court entered a judgment of possession in favor of Pace and gave Desir twenty-four hours to pay $3954 to satisfy the judgment.[1]

This appeal follows. Before us, Desir argues that the trial court's findings of fact are not supported by the record and alleges, without support, that Pace

---

[1] After Desir failed to satisfy the judgment, the court entered an order for orderly removal of Desir from the property. Desir's many subsequent attempts to enjoin her removal were denied by the trial court, this court, and the Supreme Court.

A-0846-19

"deliberately altered the ledger and duplicated money orders numbers for other money orders received from defendant" and "intentionally did not add many money orders" she submitted to the ledger.

## II.

Our scope of review of the judge's findings in this nonjury trial is limited. We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, our function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Having carefully reviewed the record in light of the relevant legal precedents, we conclude there is ample support for the trial court's findings of fact and conclusions of law and affirm the October 3, 2019 judgment of possession for the reasons stated by Judge Petrillo. Desir produced no evidence

A-0846-19

establishing that she paid rent for September and October 2019, that her prior rental payments were made on time, or that Pace altered its records to understate the rent it received from Desir. To the contrary, the evidence submitted by Pace, which the court found to be credible, established that Desir was two months in arrears on her rent, chronically paid her rent late, and had exhausted all rent payments she made in advance.

To the extent we have not specifically addressed Desir's remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0846-19